IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, an Illinois Corporation,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>RICHARD D. LEONG, individually and as trustee of the Richard D. Leong Revocable Trust, and ELEANOR LEONG, individually and as trustee of the Eleanor Leong Revocable Trust,<br><br>　　　Defendants. | CIVIL NO. 09-00217 SOM-KSC<br><br>REPORT OF SPECIAL MASTER RECOMMENDING THAT 1) DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART AND 2) PLAINTIFF ALLSTATE INSURANCE COMPANY'S MOTION FOR ATTORNEYS' FEES AND COSTS BE DENIED |

REPORT OF SPECIAL MASTER RECOMMENDING THAT
1) DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS
BE GRANTED IN PART AND DENIED IN PART AND
2) PLAINTIFF ALLSTATE INSURANCE COMPANY'S MOTION
FOR ATTORNEYS' FEES AND COSTS BE DENIED

Before the Court are 1) Defendants Richard

Leong, individually and as trustee of the Richard D.

Leong Revocable Trust, and Eleanor Leong, individually

and as trustee of the Eleanor Leong Revocable Trust's

(collectively "Defendants") Motion for Attorney's Fees

and Costs, filed June 8, 2010, and 2) Plaintiff

Allstate Insurance Company's Motion for Attorneys' Fees

and Costs, filed June 15, 2010.  On June 22 and June 25, 2010, defense counsel sent correspondence purporting to serve as Defendants' statement of consultation ("SOC").  On June 29, 2010, Plaintiff filed its SOC.  Neither Plaintiff nor Defendants filed oppositions.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After reviewing the parties' submissions and the relevant case law, the Court FINDS and RECOMMENDS that Defendants' Motion be GRANTED IN PART and DENIED IN PART, that Plaintiff's Motion be DENIED, and that Defendants be awarded $13,193.17 in attorneys' fees and $142.55 in costs.

BACKGROUND

On May 14, 2009, Plaintiff filed a Complaint for Declaratory Relief, seeking a declaration that it has no obligation to defend or indemnify Defendants against the claims asserted in Neal v. City and County

2

of Honolulu v. Leong, Civil No. 04-1-2276, a lawsuit filed in the Circuit Court of the First Circuit, State of Hawaii, in which Defendants were named as third-party defendants.

On May 11, 2010, Chief Judge Susan Oki Mollway issued an Order Granting in Part and Denying in Part Motions for Summary Judgment Concerning Insurance Coverage ("Order"), wherein she concluded that Plaintiff has a duty to defend and possibly indemnify Defendants from the claims pertaining to the retaining wall, but that Plaintiff has no duty to defend or indemnify Defendants with respect to any claims for diminution in value or claims for the clean up of raw sewage.  Order at 17.  The Court entered judgment on May 11, 2010.

On May 20, 2010, Defendants filed a motion for attorney's fees and costs.  On June 3, 2010, this Court issued a Findings and Recommendation to Deny Without Prejudice Defendants' Motion for Attorney's Fees and Costs ("F&R") due to Defendants' failure to comply with the Local Rules.

On the same day, Chief Judge Mollway issued an Order Clarifying Order Granting in Part and Denying in Part Motions for Summary Judgment Concerning Insurance Coverage ("Clarification Order").  She reaffirmed her previous ruling, but clarified that

> [w]hile claims for diminution in value or the clean up of raw sewage, if asserted, do not give rise to a duty on Allstate's part to defend or indemnify the Leongs, Allstate's duty to defend arising out of the claims for damage to the retaining wall creates a duty for Allstate to defend the Leongs against all claims in the underlying case.

Clarification Order at 1-2.  Pursuant to the Clarification Order, the Court issued an amended judgment.  The present Motions followed.

On June 25, 2010, Chief Judge Mollway issued an Order Adopting the F&R.

<u>DISCUSSION</u>

I.   <u>Entitlement to Attorneys' Fees and Costs</u>

Defendants seek $14,238.21 in attorneys' fees and $142.55 in costs pursuant to Hawaii Revised Statutes ("HRS") §§ 431:10-242, 623-3, 607-9 and 607-14.  A federal court sitting in diversity must apply

4

state law in determining whether the prevailing party
is entitled to attorneys' fees.   See Farmers Ins. Exch.
v. Law Offices of Conrado Joe Sayas, Jr., 250 F.3d
1234, 1236 (9th Cir. 2001).   Under Hawaii law,
"[o]rdinarily, attorneys' fees cannot be awarded as
damages or costs unless so provided by statute,
stipulation, or agreement."   Stanford Carr Dev. Corp.
v. Unity House, Inc., 111 Hawai'i 286, 305, 141 P.3d
459, 478 (2006) (citation and quotation marks omitted).

A.   HRS § 431:10-242

Defendants seek an award of fees pursuant to
HRS § 431:10-242, which states, in pertinent part:

> Where an insurer has contested its
> liability under a policy and is ordered by
> the courts to pay benefits under the
> policy, the policyholder, the beneficiary
> under a policy, or the person who has
> acquired the rights of the policyholder or
> beneficiary under the policy shall be
> awarded reasonable attorney's fees and the
> costs of suit, in addition to the benefits
> under the policy.

Haw. Rev. Stat. § 431:10-242.   The Hawaii Supreme Court
has interpreted this section to entitle an insured to
reasonable attorneys' fees and costs when it prevails

in a declaratory action and an insurer is ordered to continue to pay the costs of defense.  <u>Commerce & Indus. Ins. Co. v. Bank of Hawaii</u>, 73 Haw. 322, 329, 832 P.2d 733, 737 (1992).  Insofar as Chief Judge Mollway ordered that Plaintiff has a duty to defend Defendants against all claims in the underlying case, and more particularly, that Plaintiff has a duty to defend Defendants against the claims pertaining to the retaining wall, and possibly indemnify Defendants with respect to said claims, HRS § 431:10-242 entitles Defendants to recover reasonable attorneys' fees and costs.

    B.  <u>HRS § 607-14</u>

      As a second basis for fees, Defendants argue that as the prevailing party in this action in the nature of assumpsit, they are entitled to attorneys' fees.  Plaintiff similarly moves for fees pursuant to HRS § 607-14, arguing that if the action is properly considered to be in the nature of assumpsit, Plaintiff is a prevailing party, having prevailed on most of the

issues in dispute.  This action is not in the nature of assumpsit, and neither party is entitled to fees under HRS § 607-14, which states, in pertinent part:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

Haw. Rev. Stat. § 607-14.  A court awarding attorneys' fees pursuant to § 607-14 must apportion the fees claimed between assumpsit and non-assumpsit claims, if practicable.  See Blair v. Ing, 96 Hawai'i 327, 332, 31 P.3d 184, 189 (2001).

"Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." 808 Dev., LLC v. Murakami, 111 Hawai'i 349, 366, 141 P.3d 996, 1013 (2006) (citation, emphases, and quotation marks omitted); Helfand v. Gerson, 105 F.3d 530, 537 (9th Cir. 1997) ("Under Hawaii case law, an action in the nature of assumpsit includes 'all possible contract claims.'").

However, the mere fact that a claim "relate[s] to a contract between the parties does not render a dispute between the parties an assumpsit action." TSA Int'l, Ltd. v. Shimizu Corp., 92 Hawai'i 243, 264, 990 P.2d 713, 734 (1999). "'[T]he nature of a claim' is 'determined from the substance of the entire pleading, the nature of the grievance, and the relief sought, rather than from the formal language employed or the form of the pleadings.'" S. Utsunomiya Enters., Inc. v. Moomuku Country Club, 76 Hawai'i 396, 400, 879

8

P.2d 501, 505 (1994).  It is well-established that

"[w]hen there is a doubt as to whether the action is in

assumpsit or tort, there is a presumption that the suit

is in assumpsit." Jorgensen v. Cassiday, 320 F.3d 906,

919 (9th Cir. 2003) (quoting Leslie v. Estate of

Tavares, 93 Hawai'i 1, 6, 994 P.2d 1047, 1052 (2000)

(citing Healy-Tibbitts Constr. Co. v. Hawaiian Indep.

Refinery, Inc., 673 F.2d 284, 286 (9th Cir. 1982)));

see also Helfand, 105 F.3d at 537.  "An action that

seeks only a declaration as to a party's rights or

responsibilities, even if factually implicating a

contract, is not 'in the nature of assumpsit.'" Chock

v. Gov't Employees Ins. Co., 103 Hawai'i 263, 268, 81

P.3d 1178, 1183 (2003) (holding that the defendant

insurance company could not recovery attorneys' fees

because HRS § 607-14 does not provide for the recovery

of attorneys' fees in declaratory judgment actions).

This is because "[w]hen the recovery of money damages

is not the basis of a claim factually implicating a

contract, the action is not 'in the nature of

assumpsit.'" <u>Id.</u> (quoting <u>Leslie</u>, 93 Hawai'i at 7, 994 P.2d at 1053) (quotations omitted) (alteration in original).  It is well-established in Hawaii that declaratory judgment actions that do not seek monetary damages are not in the nature of assumpsit.

Defendants rely on <u>Ranger Insurance Co. v. Hinshaw</u>, 103 Hawai'i 26, 79 P.3d 119 (2003), for the proposition that an insurer's declaratory judgment action is in the nature of assumpsit.  Their reliance is misplaced.  In <u>Ranger</u>, the Hawaii Supreme Court held that the plaintiff insurance company's declaratory action was in the nature of assumpsit because the plaintiff sought consequential damages, namely the reimbursement of attorneys' fees and costs expended in the defense of the underlying tort case.  <u>Id.</u> at 33-34, 79 P.3d at 126-27.  Here, although Plaintiff prays for attorneys' fees, said request does not amount to a request for consequential damages, as the attorneys' fees pertain to the instant action, not the defense of the underlying state court action.  This declaratory

action is accordingly not in the nature of assumpsit, and neither Plaintiff nor Defendants are entitled to recover fees under HRS § 607-14.

    C.   <u>HRS § 632-3</u>

       Finally, Defendants argue that they are entitled to attorneys' fees and costs under HRS § 632-3, which provides that "[f]urther relief based on a declaratory judgment may be granted whenever necessary or proper, after reasonable notice and hearing, against any adverse party whose rights have been adjudicated by the judgment." Haw. Rev. Stat. § 632-3. Because the Court has already determined that Defendants are entitled to fees and costs under HRS § 431:10-242, it is unnecessary to ascertain whether this section provides an additional basis upon which Defendants may recover fees and costs.

II. <u>Calculation of Fees</u>

       The Court shall now calculate the reasonableness of the fees requested by Defendants. Hawaii courts calculate reasonable attorneys' fees

based on a method that is virtually identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See DFS Group L.P. v. Paiea Props., 110 Hawai'i 217, 222, 131 P.3d 500, 505 (2006).  The court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate.  See id. at 222-23, 131 P.3d at 505-06.  In addition, Hawaii courts may consider the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause; (2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms with other clients; (3) the customary charges of the Bar for similar services; (4) the amount involved in the controversy and the benefits resulting to the client from the services; (5) the contingency or the certainty of the compensation; and (6) the character of the employment, whether casual or for an established and constant client.

Chun v. Bd. of Trs. of Employees' Ret. Sys. of Hawai'i,
106 Hawai'i 416, 435, 106 P.3d 339, 358 (2005)
(citations omitted).  These factors, however, are
merely guides; courts need not consider them in every
case.  See id.  In certain types of cases, some of
these factors may justify applying a multiplier to the
"lodestar" amount.  See Chun v. Bd. of Trs. of
Employees' Ret. Sys. of Hawai'i, 92 Hawai'i 432, 442,
992 P.2d 127, 137 (2000).

Defendants request the following attorneys'
fees for work performed by their counsel, Gary Au
Young:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Gary Au Young | 77.1[1] | $175.00 | $13,492.50 |
| **TAX (4.712%)** | | | $635.77 |
| **TOTAL** | 77.1 | | $14,128.27 |

---

[1]  Defendants request reimbursement for 77.7 hours,
but the Court's calculation of the time entries result
in a total of 77.1 hours.  The Court shall rely on its
own calculations.

13

The Court is now tasked with determining the reasonableness of the requested hourly rate and time expended.

A.   Reasonable Hourly Rate

Defendants request an hourly rate of $175 for Mr. Au Young.  The Hawaii courts consider the reasonable hourly rate in a manner virtually identical to the traditional lodestar formulation and some courts have considered federal law in determining a reasonable hourly rate.  See, e.g., Reiche v. Ferrera, No. 24449, 2003 WL 139608, at *8 (Haw. Ct. App. Jan. 16, 2003) ("The reasonable hourly rate is that prevailing in the community for similar work." (citing United States v. Metro. Dist. Comm'n, 847 F.2d 12, 19 (1st Cir. 1988)). But see DFS Group, 110 Hawai'i at 223, 131 P.3d at 506 (determining a reasonable hourly rate by calculating the average of the four requested rates).  The Court therefore finds that federal case law on the determination of a reasonable hourly rate is instructive in this case.

In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account. See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. See id.; Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"); see also Chun, 106 Hawai'i at 435, 106 P.3d at 358 (listing "the customary charges of the Bar for similar services" as a factor that may be considered). It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services. See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

15

Mr. Au Young has been a member of the Hawaii Bar since 1982 and he has primarily practiced in the area of insurance defense.  <u>See</u> Mot., Decl. of Gary W. K. Au Young ("Au Young Decl.") at ¶¶ 1-2.  Mr. Au Young represents that although he ordinarily charges $200/hour for private clients, he offered Defendants the discounted hourly rate of $175.  <u>Id.</u> at ¶ 3.

This Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation.  Based on this Court's knowledge of the community's prevailing rates, the hourly rates generally granted by the Court, the Court's familiarity with this case, and defense counsel's submissions, this Court finds that Mr. Au Young's $175 hourly rate is not only manifestly reasonable, but well below the rates charged by attorneys with similar experience in the community.

B.    <u>Reasonable Hours Spent</u>

For the reasoning stated in Section B.1, this

16

Court finds federal case instructive on the issue of the reasonable number hours expended on the instant case. Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted); see also Sharp v. Hui Wahine, 49 Haw. 241, 247, 413 P.2d 242, 246 (1966) (the party requesting fees has the burden to prove that the requested fees were reasonably and necessarily incurred). The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. See Tirona, 821 F. Supp. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)). Courts have the "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed

17

to have been spent on the case." <u>Soler v. G & U, Inc.</u>, 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  <u>See Gates</u>, 987 F.2d at 1399 (quoting <u>Hensley</u>, 461 U.S. at 433-34).

Mr. Au Young represents that he spent 77.1 hours litigating this action.  After careful review of his billing summary, the Court finds that the hours expended are largely reasonable.  However, some reductions are appropriate.  First, the Court deducts 0.3 hours billed for Mr. Au Young's work on the retainer letter, as such work is not compensable and should be subsumed in a firm's overhead.  <u>Black v. City, County of Honolulu</u>, Civil No. 07-00299 DAE-LEK, 2010 WL 653026, at *11 (D. Haw. Feb. 22, 2010) (finding that work on client agreements are not compensable, even though such work is necessary to the attorney and client's professional relationship, because it did not contribute to the litigation of the plaintiff's

18

claims).

Second, a number of time entries reflect billing for clerical/ministerial work and are non-compensable. "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." <u>Jeremiah B. v. Dep't of Educ.</u>, Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing <u>Sheffer v. Experian Info. Solutions, Inc.</u>, 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)). Tasks such as reviewing Court-generated notices, notifying clients of court hearings, filing documents with the Court, communication with court staff, scheduling, and corresponding regarding deadlines, are clerical and not compensable. <u>Id.</u> (finding that entries for communications about, and internal office management of, hearing dates and due dates are clerical in nature); <u>Nicholas M. ex rel. Laura M. v. Dep't of Educ., Hawaii</u>, Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010) (finding that tasks such as informing a client that a

19

document has been filed or informing client of a hearing date is clerical or ministerial); <u>Hawaii Carpenters Trust Funds v. Cosier Const., Inc.</u>, Civil No. 08-00442 SOM-LEK, 2009 WL 291188, at *3 (D. Haw. Feb. 03, 2009) (finding that review of district court filing notices are clerical and non-compensable); <u>Bandalan v. Castle & Cooke Resorts, LLC</u>, Civil No. 07-00591 DAE-LEK, 2009 WL 1955328, at *5 (D. Haw. June 30, 2009) (clerical tasks include reviewing notices of the date and time for motions hearings and notices of filing deadlines); <u>Black</u>, 2010 WL 653026, at *12 (deeming clerical tasks such as traveling to court to check for form and filing complaint); <u>Young v. Geico Indem. Co.</u>, Civ. No. 08-00171 JMS/KSC, 2009 WL 3049640, at *8 (D. Haw. Sept. 23, 2009) (communications with the court are clerical and not compensable).  The Court deducts 1 hour of Mr. Au Young's time for clerical tasks.

Third, Mr. Au Young has several time entries for work completed in the underlying state case.

Although this case is related to the underlying state action, the hours incurred in completing work for the state action are not compensable in this action.  As a result, the Court deducts 1.1 hours for the time expended in connection with the state court litigation.

Finally, the Court finds it necessary to cut some of the hours related to the instant Motion.  If Defendants had complied with the applicable Local Rules in filing their initial motion for attorneys' fees and costs, the Court would not have had to recommend that the motion be denied, Defendants would not have had to review the Report, and would not have had to revise the motion.  Accordingly, the Court further reduces Mr. Au Young's time by 2.7 hours.

C.   Total Fee Award

Based on the foregoing, the Court recommends a total fee award of $13,193.71:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Gary Au Young | 72 | $175.00 | $12,600.00 |
| **TAX (4.712%)** | | | $593.71 |

| **TOTALS** | 72 | | $13,193.71 |
|---|---|---|---|

III.    Cost Award

        In addition to attorneys' fees, Defendants seek

$142.55 in costs for copying, delivery, and postage.

Because HRS § 431:10-242 entitles Defendants to both

fees and costs, the Court recommends that Defendants be

awarded $142.55 in costs.

CONCLUSION

        For the foregoing reasons, this Court, acting

as Special Master, FINDS and RECOMMENDS that

Defendants' Motion for Attorney's Fees and Costs, filed

June 8, 2010, be GRANTED IN PART AND DENIED IN PART and

Plaintiff's Motion for Attorneys' Fees and Costs, filed

June 15, 2010, be DENIED.  The Court recommends that

the district court award Defendants $13,193.71 in

attorneys' fees and $142.55 in costs.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 23, 2010.



_____
Kevin S.C. Chang
United States Magistrate Judge

ALLSTATE INSURANCE CO. V. LEONG, ET AL.; CIVIL NO. 09-00217 SOM-KSC; REPORT OF SPECIAL MASTER RECOMMENDING THAT 1) DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART AND 2) PLAINTIFF ALLSTATE INSURANCE COMPANY'S MOTION FOR ATTORNEYS' FEES AND COSTS BE DENIED