IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) | CIVIL NO. 09-00217 SOM/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER ADOPTING REPORT OF |
| vs. | ) | SPECIAL MASTER (DOC. NO. 50) |
| | ) | |
| RICHARD D. LEONG, | ) | |
| individually and as trustee | ) | |
| of the Richard D. Leong | ) | |
| Revocable Trust; and ELEANOR | ) | |
| LEONG, individually and as | ) | |
| trustee of the Eleanor Leong | ) | |
| Revocable Trust, | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

ORDER ADOPTING REPORT OF SPECIAL MASTER (DOC. NO. 50)

I.      INTRODUCTION.

On May 11, 2010, this court filed its Order Granting in Part and Denying in Part Motions for Summary Judgment Concerning Insurance Coverage (Docket No. 35).  On June 3, 2010, the court clarified that, in ruling that "Allstate Insurance Company has a duty to defend Richard and Eleanor Leong arising out of the claims for damage to the retaining wall," the court "in no way intended to modify established Hawaii law on an insurer's duty to defend."  The court ruled that, "While claims for diminution in value or the clean up of raw sewage, if asserted, do not give rise to a duty on Allstate's part to defend or indemnify the Leongs, Allstate's duty to defend arising out of the claims for damage to the retaining wall creates a duty for Allstate to

defend the Leongs against all claims in the underlying case."
<u>See</u> Order Clarifying Order Granting in Part and Denying in Part
Motions for Summary Judgment Concerning Insurance Coverage (June
3, 2010) (Doc. No. 40).

On June 8 and 15, 2010, respectively, Defendants
Richard and Eleanor Leong and Allstate filed motions for
attorney's fees and costs.  <u>See</u> Doc. Nos. 44 and 45.  On June 23,
2010, Magistrate Judge Kevin S.C. Chang, issued a report and
recommendation that the Leongs' Motion (Doc. No. 44) be granted
in part and denied in part and that Allstate's motion (Doc.
No. 45) be denied.  <u>See</u> Doc. No. 50.

On August 4, 2010, Allstate timely filed objections to
the report and recommendation regarding attorney's fees and
costs.  <u>See</u> Doc. No. 53.  The Leongs timely filed a response on
August 10, 2010.  <u>See</u> Doc. No. 54.  No reply in support of
objections is contemplated by this court's local rules.  <u>See</u>
Local Rule 53.2.  After <u>de novo</u> review of the parts of the report
and recommendation to which Allstate has filed objections, and
agreeing with the rest of the report and recommendation, the
court adopts it in full.

II.      <u>STANDARD.</u>

In this district, post-verdict and post-judgment
motions for attorney's fees and costs are automatically referred
to magistrate judges.  <u>See</u> Rule 54(d) of the Federal Rules of

2

Civil Procedure and Local Rule 54.3(h).  Pursuant to Rule 53 of

the Federal Rules of Civil Procedure and Local Rules 53.1 and

53.2, magistrate judges issue reports of special masters

regarding these motions.

Pursuant to Rule 53(f) of the Federal Rules of Civil

Procedure and Local Rule 53.2, any party may object to the

special master's report and recommendation.  With exceptions not

relevant here, this court reviews <u>de novo</u> any such objections as

to findings of fact and conclusions of law.  <u>See</u> Fed. R. Civ. P.

53(f)(3) and (4).

III.    <u>ANALYSIS.</u>

Allstate essentially asserts two reasons for

modification or rejection of the report and recommendation.

First, Allstate asserts that the special master erred in awarding

attorney's fees and costs pursuant to section 431:10-242 of the

Hawaii Revised Statutes, arguing that this court did not order

Allstate to pay benefits.  Second, Allstate asserts that it

should be considered the "prevailing party" for purposes of

section 607-14 of the Hawaii Revised Statutes.  Because neither

argument is persuasive, and because the special master

appropriately recommended that attorney's fees and costs be

awarded to the Leongs pursuant to section 431:10-242, the court

adopts the report and recommendation of the special master.

3

A.   The Leongs Are Entitled to Attorney's Fees and
     Costs Pursuant to Section 431:10-242.

Allstate objects to the special master's recommendation

that the Leongs be awarded attorney's fees and costs pursuant to

section 431:10-242 of the Hawaii Revises Statutes, which

provides:

> Where an insurer has contested its liability
> under a policy and is ordered by the courts
> to pay benefits under the policy, the
> policyholder, the beneficiary under a policy,
> or the person who has acquired the rights of
> the policyholder or beneficiary under the
> policy shall be awarded reasonable attorney's
> fees and the costs of suit, in addition to
> the benefits under the policy.

Allstate does not object to the special master's calculation of

the fees and costs, but instead argues that section 431:10-242 is

inapplicable because this court did not order that benefits be

awarded to the Leongs.  This court agrees with the special

master.

The Hawaii Supreme Court long ago ruled that, when an

insurer contests its duty to provide a defense of a suit and the

court rules that the insurer is obligated under a policy to pay

the costs of the defense, the insured is entitled to reasonable

attorney's fees and costs under section 431:10-242.  See Commerce

& Indus. Ins. Co. v. Bank of Hawaii, 73 Haw. 322, 329, 832 P.2d

733, 737 (1992).  Implicit in that ruling was the Hawaii Supreme

Court's determination that, when a trial court orders an insurer

to continue to pay the costs of defending an insured in a suit, the trial court is ordering the insurer to pay policy benefits.

This court is not persuaded by Allstate's citation of Mickelson v. United Services Automobile Association, 108 Haw. 358, 120 P.3d 257 (2005), or its argument that Mickelson overrules Commerce & Industry Insurance Company.  In Mickelson, the Hawaii Supreme Court stated that, when a trial court does not order an insurer to "pay benefits," section 431:10-242 is inapplicable.  Id., 108 Haw. at 361, 120 P.3d at 260.  In making that statement, Mickelson relied on Ranger Insurance Company v. Hinshaw, 103 Haw. 26, 34, 79 P.3d 119, 127 (2003), which held that an arbitration award did not qualify as an order by a court to pay benefits.  In Mickelson, the trial court ruled that an insured was entitled to uninsured motorist coverage, but left the determination of benefits to an arbitrator.  Id., 108 Haw. at 361, 120 P.3d at 260.  Because the trial court carefully parsed entitlement to coverage and benefits, the Hawaii Supreme Court ruled that the trial court had not ordered the insurer to pay benefits for purposes of section 431:10-242.  Id.

The insurer's duty to defend was not in issue in Mickelson, and the Hawaii Supreme Court did not indicate that it was overruling or otherwise questioning the precedential value of Commerce & Industry Insurance Company.  See id.  Mickelson is therefore inapplicable or distinguishable.  Here, Allstate sought

a declaration that it had no duty to defend or indemnify the Leongs from the claims asserted in the underlying lawsuit.  <u>See</u> First Amended Complaint at 4 (June 19, 2009) (Doc. No. 6).  This court ruled that Allstate had a duty to defend the Leongs arising out of the claims for damage to the retaining wall.  As in <u>Commerce & Industry Insurance Company</u>, 73 Haw. 322, 832 P.2d 733, this court's ruling required Allstate to provide benefits under the policy to the Leongs--that is, to defend the state-court action.  Unlike the ruling in <u>Mickelson</u>, this court's ruling was not limited by language indicating that the insureds are only entitled to benefits if awarded in a separate, nonjudicial proceeding.

     B.   <u>Allstate Was Not the Prevailing Party.</u>

Allstate claims that, as the prevailing party, it is entitled to attorney's fees under section 607-14 of the Hawaii Revised Statutes.  The special master rejected this argument and recommended that Allstate not be awarded fees under that section. This court adopts the special master's recommendation.

The main arguments in the motions for summary judgment concerned Allstate's contention that the claims for property damage in the underlying lawsuit were excluded by the applicable insurance policy's exclusion for property damage caused by "waste materials or other irritants, contaminants or pollutants."  The Leongs prevailed on that issue, which was the main issue before

6

the court.  The court agrees with Allstate that it prevailed on a couple of minor issues, but, as this court previously recognized, it is unclear whether the claims on which Allstate prevailed are even being asserted.  See Order Clarifying Order Granting in Part and Denying in Part Motions for Summary Judgment Concerning Insurance Coverage (June 3, 2010) ("While claims for diminution in value or the clean up of raw sewage, if asserted, do not give rise to a duty on Allstate's part to defend or indemnify the Leongs, Allstate's duty to defend arising out of the claims for damage to the retaining wall creates a duty for Allstate to defend the Leongs against all claims in the underlying case." (emphasis added)) (Doc. No. 40).

        Having prevailed on the disputed main issue before this court, the Leongs are the prevailing parties for purposes of section 607-14.  See Fought & Co. v. Steel Eng'g & Erection, 87 Haw. 37, 52, 951 P.2d 487, 502 (1998) (ruling that, when a party prevails "on the disputed main issue," that party is the "prevailing party" for purposes of section 607-14); see also Food Pantry, Ltd. v. Waikiki Business Plaza, Inc., 58 Haw. 606, 620, 575 P.2d 869, 879 (1978) (in discussing section 607-17 of the Hawaii Revised Statutes, the court ruled that, "where a party prevails on the disputed main issue, even though not to the extent of his original contention, he will be deemed to be the successful party for the purpose of taxing costs and attorney's

7

fees"). The court therefore rejects Allstate's claim that it is the prevailing party.

IV.      <u>CONCLUSION.</u>

Having reviewed <u>de novo</u> the parts of the special master's report and recommendation to which Allstate has objected, and agreeing with the rest of it, the court adopts it in full. Pursuant to section 431:10-242, Allstate is ordered to pay the Leongs $13,193.71 in attorney's fees and $142.55 in costs.


IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 13, 2010.



<u>      /s/ Susan Oki Mollway      </u>
Susan Oki Mollway
United States District Judge


<u>Allstate Ins. Co. v. Leong, et al.</u>, CIVIL NO. 09-00217 SOM/KSC; ORDER ADOPTING REPORT OF SPECIAL MASTER (DOC. NO. 50)

8