IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, an Illinois Corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>RICHARD D. LEONG, individually and as trustee of the Richard D. Leong Revocable Trust, and ELEANOR LEONG, individually and as trustee of the Eleanor Leong Revocable Trust,<br><br>  Defendants. | CIVIL NO. 09-00217 SOM-KSC<br><br>FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR ADDITIONAL ATTORNEY'S FEES |

FINDINGS AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION FOR ADDITIONAL ATTORNEY'S FEES

Before the Court is Defendants Richard Leong, individually and as trustee of the Richard D. Leong Revocable Trust, and Eleanor Leong, individually and as trustee of the Eleanor Leong Revocable Trust's (collectively "Defendants") Motion for Additional Attorney's Fees, filed August 26, 2010. Defendants seek an additional $3,518.32 in attorneys' fees incurred subsequent to June 8, 2010. Specifically, Defendants argue that they incurred these fees in

opposing Plaintiff's motion for attorneys' fees and opposing Plaintiff's motion for reconsideration of this Court's Report of Special Master.  Defendants are mistaken.  They did not file a memorandum in opposition to either Plaintiff's motion for attorneys' fees or Plaintiff's motion for reconsideration of the Report.

While it is clear that Defendants seek to recover the fees incurred since they filed their motion for attorney's fees and costs (doc. no. 44), the Court declines to do so.  First, much of the time expended since June 8, 2010 did not result in any written submissions to the Court.  Defendants did not oppose Plaintiff's motion for attorneys', did not oppose Plaintiff's motion for reconsideration of the motion for reconsideration of the Report, and did not oppose Plaintiff's motion for reconsideration of the order adopting the report.  Other than filing an opposition to Plaintiff's motion for review and modification of the Report, Defendants have had to take little action in response to Plaintiff's many filings since the issuance of the Report, given the Court's expeditious

handling of Plaintiff's motions.

Second, although parties regularly incur additional fees after submitting their motions for attorneys' fees, it is not this Court's practice to revise the earlier recommended award of fees to include later incurred fees.[1]  The Court agrees that Plaintiff had no basis for seeking reconsideration of the Report or the Order Adopting the Report, but finds that an award of additional attorneys' is inappropriate under the circumstances of this case.  Accordingly, the Court FINDS AND RECOMMENDS that Defendants' Motion for Additional Attorneys' Fees be DENIED.

---

[1]  If such were the case, the Court would be inundated with multiple requests for attorneys' fees from prevailing parties following the adjudication of the initial motion for attorneys' fees.  There is a reason that a 14-day limitation exists for prevailing parties to file motions for attorneys' fees following the entry of judgment.

      IT IS SO FOUND AND RECOMMENDED.

      DATED: Honolulu, Hawaii, August 27, 2010.



                                Kevin S.C. Chang
                                United States Magistrate Judge

ALLSTATE INSURANCE CO. V. LEONG, ET AL.; CIVIL NO. 09-00217 SOM-KSC; FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR ADDITIONAL ATTORNEY'S FEES